IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| THERESA LOPEZ-GONZALES, KAYLEE LEDBETTER, BROOKLYN LEDBETTER, SHELBY BURNETT, JULIA SILVA, TREY MATHES,[1] | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:20-CV-061-Z |
| JOSE RAMOS, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs' Renewed Motion for Collective Action Certification and Judicially Supervised Notice (ECF No. 26) and Reply (ECF No. 31). Defendants also filed their Response (ECF No. 28). For the following reasons, the Court **GRANTS IN PART** Plaintiffs' Renewed Motion. Defendants' Motion to Strike Appendix (ECF No. 30) is **DENIED**. Additionally, the Court **ORDERS** that Brothers and Sons shall be terminated as a Defendant in this case.

### BACKGROUND

Before this Court is Plaintiffs' Motion for Collective Action Certification and Judicially Supervised Notice under Section 216(b) of the Fair Labor Standards Act ("FLSA"). The Motion asks the Court to authorize the sending of notice to other similarly situated employees ("potential opt-in plaintiffs"). ECF No. 26 at 7.

---

[1] As noted below, *infra*, fn 2, collective actions *are not* class actions. Plaintiff Lopez-Gonzalez does not bring claims "on behalf" of any other individual or a hypothetical class of individuals. Instead, other individuals may receive notice and opt into the collective action and have the same status as any other named party. Accordingly, the Court **DIRECTS** the Clerk to update the caption as amended above.

Plaintiffs and potential opt-in plaintiffs currently work or have worked for Brothers, a partnership d/b/a The Plaza Restaurants, Jose Ramos, and Martin Ramos (herein referred to as "Defendants") at The Plaza Restaurant in Pampa, Texas. *Id.* at 6. While employed as servers for Defendants, Plaintiffs and potential opt-in plaintiffs were paid pursuant to a tip credit. *Id.* at 7.

Plaintiffs allege that Defendants pay their servers subminimum hourly wages. They further allege that Defendants waived the tip credit defense because Defendants (1) failed to inform Plaintiffs and potential opt-in plaintiffs of the tip credit pursuant to 29 U.S.C. § 203(m); (2) did not allow Plaintiffs and potential opt-in plaintiffs to keep the tips they received; (3) required Plaintiffs and potential opt-in plaintiffs to perform non-tipped work in addition to tipped work; and (4) required Plaintiffs and potential opt-in plaintiffs to perform non-tipped work which, although related to tipped work, exceeded twenty percent of the time spent at work weekly. *Id.* at 6. Plaintiffs further allege that Defendants required Plaintiffs and potential opt-in plaintiffs to share a portion of their tips with non-tipped employees.

Plaintiffs define the potential opt-in plaintiffs as follows: "All individuals who worked as a server at any of Defendants' restaurants located in Texas during the three (3) year period preceding the filing of this lawsuit and who were paid a direct cash wage of less than $7.25 per hour." ECF No. 26 at 19. Plaintiff requests the Court to send notice of the § 216 collective action because potential opt-in plaintiffs performed similar work duties and were all subject to the same widespread company policies regardless of "any individualized factors or defenses Defendants may attempt to raise." ECF No. 16 at 10.

Defendants raise several defenses — namely, they aver that Plaintiffs lack evidence of sufficiently similarly situated employees outside of a single location and evidence of a single decision, policy, or plan for employees outside of that location. ECF No. 28 at 8-9. Defendants ask

this Court to limit notice to the servers employed at restaurants owned and operated by Brothers if this Court decides to grant Plaintiff's motion. *Id.* at 12.

LEGAL STANDARDS

A. FLSA

The FLSA requires employers to pay their employees the federal minimum wage. 29 U.S.C. § 206(a). Tipped employees must be paid a wage equal to the federal minimum wage, but the tips they receive can count towards that wage as long as they are paid by employers a minimum of $2.13 per hour. 29 U.S.C. § 203(m)(1-2); 29 C.F.R. § 531.50(a). This is the "tip credit" affirmative defense. When raising this defense, an employer is required to have (1) informed its employee that it will take a tip credit and (2) allowed tipped employees to keep the tips they received. *Id.* The statute provides an exception to this rule, permitting "the pooling of tips among employees who customarily and regularly receive tips." *Id.* But "[i]f an employee is required to share tips with an employee who does not customarily and regularly receive tips, the employer may not legally take a tip credit." *Montano v. Montrose Rest. Assocs.*, 800 F.3d 186, 188 (5th Cir. 2015).

"Employer" is defined under the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *Lee v. Coahoma Cnty.*, 937 F.2d 220, 226 (5th Circ. 1991). For claims arising under the FLSA, the Fifth Circuit has adopted an "economic reality" test to determine whether an individual a valid employer. *See, e.g., Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010); *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). "The test originates in the Supreme Court's holding that 'economic reality' should govern the determination of employer status under the FLSA." *Gray v. Powers*, 673 F.3d 352 (5th Cir. 2012) (citing *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961)).

3

To determine whether an individual is an employer, "the court considers whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or condition of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id.* (citing *Williams*, 595 F.3d at 620). In cases where there is more than one alleged employer, the court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four-part test." *Graves*, 909 F.2d at 1556.

**B. Party Removal**

Federal Rule of Civil Procedure 21 states that "misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21.

**C. Collective Action**

Group litigation can take many forms. Class actions are certified under well-established safeguards to ensure that a named plaintiff can represent his or her own class under Federal Rule of Civil Procedure 23. A class action does not require the consent of its members and when a court certifies a class, every member of that class is a party until he or she opts out and formally withdraws from the class. FED. R. CIV. P. 23. In accordance with Rule 23, the statute of limitations starts depending on whether the court determines if plaintiffs can maintain a proper class. *Id.*

On the other hand, collective actions under the FLSA allow a plaintiff to file a claim and notify other similarly situated, current or former employees. 29 U.S.C.S. § 216(b). Unlike a Rule 23 class action, a collective action requires an affirmative, individual consent in writing from each employee who wishes to join the action. *Id.* An employee who does not consent to join the collective action is not bound by the judgment. *Id.* "In other words, 29 U.S.C. § 216(b) does not

truly authorize a class action: it is properly viewed as a rule of joinder under which only the individual opt-in plaintiffs have legal status, not the aggregate class of aggrieved employees." *Greinstein v. Fieldcore Servs. Sols., LLC*, No. 2:18-CV-208-Z, 2020 WL 6821005, at *4 (N.D. Tex. Nov. 20, 2020) (quoting *Roy v. FedEx Ground Package Sys., Inc.*, 353 F.Supp.3d 43, 59 (D. Mass. 2018)).[2]

Until earlier this year, many courts in this District conducted the *Lusardi* two-step inquiry to "certify" a collective action. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987); *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 436 (5th Cir. 2021). The standard for conditional certification was lenient and required courts to consider only pleadings and affidavits to find a modest factual showing that the putative opt-in plaintiffs were similarly situated. *Swales*, 985 F.3d at 436. The second certification required courts to apply — after a period of detailed discovery — a stricter standard to determine whether the opted-in plaintiffs were truly sufficiently similar. *Id.* at 437.

In *Swales*, the Fifth Circuit discarded the *Lusardi* two-step inquiry. *Id.* at 434. The Fifth Circuit held that courts should instead determine whether the merits of the case can be answered collectively. *Id.* If needed, preliminary discovery can be conducted to answer that question. *Id.* at 441. The question must be answered affirmatively for notice to be sent. *Id.* at 443.

The *Swales* court added that district courts have "broad, litigation-management discretion . . . that discretion is cabined by the FLSA's 'similarly situated' requirement and the Supreme Court's decision in *Hoffmann La-Roche*. But it is not captive to *Lusardi* or any 'certification' test." *Id.* at 443.[3]

---

[2] Accordingly, it is not appropriate to refer to collective actions as "class actions" or refer to potential opt-in plaintiffs as "class members." *Supra*, fn 1.
[3] Under *Swales*, Plaintiffs and district courts should no longer refer to "certifications" of collective actions. Rather, § 216 plaintiffs should move the Court to send notice to potential opt-in plaintiffs.

Finally, the *Swales* court provided the lower courts with a sliding scale standard to determine whether potential opt-in plaintiffs are sufficiently similarly situated:

> "For example, in a donning and doffing case, notice might be justified when the pleadings and only preliminary discovery show sufficient similarity between the plaintiffs' employment situations. In those types of cases, the plaintiffs all have the same job description, and the allegations revolve around the same aspect of that job. So, a district court will not likely need mountains of discovery to decide whether notice is appropriate." *Id.* at 442.
>
> "In another case, such as this one [i.e., independent contractor case], where Plaintiffs have demonstrably different work experiences, the district court will necessarily need more discovery to determine whether notice is going out to those 'similarly situated.'" *Id.*

## ANALYSIS

The parties in this case disagree as to (1) whether the named Defendants are employers under FLSA's definition, (2) whether named Plaintiffs and potential opt-in plaintiffs are sufficiently similarly situated, and (3) the degree to which this court should permit Plaintiffs to send notice to potential opt-in plaintiffs. ECF No. 26, 28. It is the decision of this Court (1) to remove one of the named Defendants (Brothers and Son) from this case, (2) to authorize notice, (3) and to limit it to potential opt-in plaintiffs who are current or former servers at The Plaza Restaurant in Pampa, Texas.

### A. Defendants Martin Ramos and Jose Ramos are employers as defined by the FLSA and are therefore correctly named Defendants.

Defendants have stated that "as a threshold matter, Plaintiff's Motion must be denied because Brothers and Son never employed Plaintiff or the Proposed Class Members." ECF No. 28 at 6. Defendants note that lead Plaintiff, Theresa Lopez-Gonzales, and opt-in Plaintiffs, Kaylee Ledbetter, Brooklyn Ledbetter, Shelby Burnett, and Julia Silva[4] are or were employed as servers at The Plaza Restaurant located in Pampa, Texas. *Id.*

---

[4] The record does not reflect where Plaintiff Trey Mathes worked. *See* ECF No. 25.

The Plaza Restaurant in Pampa, Texas is owned and operated by Ramos Brothers Partnership d/b/a The Plaza Restaurant ("Brothers"). *Id.* Brothers employed Plaintiffs. *Id.* Plaintiffs did not sue *Brothers* in the original complaint, but instead sued *Brothers and Son*, a general partnership d/b/a The Plaza Restaurant, that owns and operates a restaurant in Lubbock, Texas. ECF No. 1. Defendants correctly note that *Brothers and Son* has never employed Plaintiffs. ECF No. 28 at 6.[5]

In the original complaint, however, Plaintiffs also sued Jose Ramos and Martin Ramos, the managing partners of Brothers and Son *and* Brothers. ECF No. 1. In cases where there is more than one alleged employer, the court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four-part test." *Graves*, 909 F.2d at 1556.

Here, while Brothers and Son never employed Plaintiffs, the Court finds Jose and Martin Ramos are employers of Plaintiffs, as defined by the FLSA. *See* 29 U.S.C. § 203(d) (an employer defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee").

Jose and Martin Ramos also satisfy the "economic reality" test, as it is reasonable to conclude that as partners of Brothers, they (1) possessed the power to hire and fire Plaintiffs, (2) supervised and controlled Plaintiffs' work schedules or condition of employment, (3) determined the rate and method of payment, and (4) maintained Plaintiffs' employment records. *Williams*, 595 F.3d at 620. Defendants do not dispute Plaintiffs' naming of Jose and Martin Ramos as Defendants

---

[5] The Court is nonplussed by Plaintiffs' counsel seeming inability to amend the complaint to reflect the proper parties. Plaintiffs' counsel had notice of the difference between Brothers *and* Brothers and Son as early as July 20, 2020. *See* ECF No. 18. And this Court *specifically* allowed Plaintiffs' counsel to amend the complaint in January of this year. *See* ECF No. 24 ("If Plaintiff wishes to amend her pleadings, she shall do so by February 5, 2021."). Seasoned counsel should be able to sue the correct parties.

in this case. The Court therefore finds that both Jose and Martin Ramos are employers under the FLSA's definition.

The Court therefore **ORDERS** that Brothers and Son, a partnership that *never* employed Plaintiffs, shall be dropped from this case. *See* FED. R. CIV. P. 21. Instead, the suit shall continue against only Jose and Martin Ramos.

### B. The Court will authorize notice to a narrowed collective.

As stated above, Plaintiffs bear the burden to establish that they and potential opt-in plaintiffs are sufficiently similarly situated. This does not mean that potential opt-in plaintiffs must be identically situated, but they must show "a demonstrated similarity" among potential opt-in plaintiffs in a way where one proceeding is fair to all parties and does not result in unmanageable, individualized inquiries. *Swales*, 985 F3d. at 443; *Simmons v. T-Mobile*, No. H-06-1820, 2007 WL 210008, at *8 (S.D. Tex. Jan. 24, 2007). To determine if potential opt-in plaintiffs are sufficiently similar, the Court considers all available evidence.[6] *Id.* at 442.

> *1. Plaintiffs fail to offer evidence of similarly situated employees outside of servers at The Plaza Restaurant in Pampa, Texas.*

General allegations that defendants violated the FLSA are not enough to establish the existence of similarly situated employees. *Malaska v. Saldivar Coastal Servs., Inc.*, No. 2:16-CV 117, 2017 WL 1452584, at *4 (S.D. Tex. Apr. 20, 2017). In this District, courts have required plaintiffs to provide evidence that potential opt-in plaintiffs had (1) similar job requirements and

---

[6] Defendants argue the declarations submitted by Plaintiffs are inadmissible under Federal Rules of Evidence 601, 602, and 802. *See* ECF No. 30. But "Plaintiffs need not present evidence in a form admissible at trial at the notice stage." *Lee v. Metrocare Services*, 980 F. Supp. 2d 754, 761 (N.D. Tex. 2013). Rather, "Declarations [only] must be based on personal knowledge." *Id.* at 762. Here, the Court finds Plaintiffs' declarations are sufficiently based on personal knowledge. *See Black v. Settlepou, P.C.*, No. 3:10–CV–1418–K, 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011) (finding that declaration stating declarant had personal knowledge constituted "substantial allegations such that they meet the low threshold" for collective actions). Instead, "[t]he Court finds that, at this stage, the objections raised by [Defendants] go to the weight of the evidence, and not its admissibility." *Lee*, 980 F. Supp. 2d at 761 n. 2. "The fact that the Declarations contain virtually identical assertions goes to their weight and credibility, not their admissibility." *Id.* at 760 n. 1. For these reasons, the Court **DENIES** Defendants' Motion to Strike (ECF No. 30).

(2) similar pay provisions to support the allegation that potential opt-in plaintiffs are similarly situated. *See Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008); *Valcho v. Dallas County Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008).

Plaintiffs asserts that they and potential opt-in plaintiffs are similarly situated regarding work duties and pay policies but fail to offer persuasive evidence that the servers at *any other* Plaza Restaurant in Texas are similarly situated. ECF No. 26 at 17. This is because the Court finds the declarations submitted by Plaintiffs contain only conclusory allegations that the servers at other Plaza Restaurants are similarly situated. *Id.* Courts have consistently held that conclusory allegations are insufficient under the former conditional certification standard and the new *Swales* standard. *See, e.g., Vargas v. HEB Grocery Co.*, No. SA-12-CV-116-XR, 2012 WL 4098996, at *4 (W.D. Tex. Sept. 17, 2012) ("Plaintiffs only offer conclusory statements that they are aware that other workers were denied minimum wages and/or overtime. This is insufficient."); *Tussing v. Quality Resources, Inc.*, No. 8:09-cv-1833 T-26AEP, 2009 WL 4350253, at *2-3 (M.D. Fla. Nov. 25, 2009) (denying certification where "Plaintiffs' six affidavits are not substantial and detailed enough to satisfy this Court that a reasonable basis exists for conditional certification"); *West v. Border Foods, Inc.*, No. 05-2525 (DWF/RLE), 2006 WL 1892527, at *2 (D. Minn. July 10, 2006) (holding that "mere averments" were insufficient).

The Court concludes that the submitted declarations contain persuasive evidence regarding the conditions at the Pampa location. But Plaintiffs do not provide sufficient evidence or personal knowledge of sufficient similarly situated employees at *other* Plaza locations.

> 2. *Plaintiffs fail to offer persuasive evidence of a single decision, policy, or plan encompassing servers at other Plaza Restaurants.*

To demonstrate that other employees are similarly situated, Plaintiffs must also show that they and potential opt-in plaintiffs are the "victims of a single decision, policy, or plan" that deny

employees minimum wage compensation. *Griffith v. Wells Fargo Bank, N.A.*, No. 4:11-CV-1440, 2012 WL 3985093, at *2 (S.D. Tex. Sept. 12, 2012) ("[W]hile a group of employees may be similarly situated with regard to their positions and responsibilities, they are dissimilar for the purposes of FLSA class treatment if the named plaintiff fails adequately to allege that their employer subjects them to uniform pay practices or policies.")

Plaintiffs are therefore expected to offer at least some evidence for their allegations. And allegations of generic similarities — *i.e.*, common pay provisions, job duties, job titles — have been found insufficient by past courts. *Heeg v. Adams Harris, Inc.*, No. H-12-00684, 2012 WL 5381767, at *3 (S.D. Tex. Oct. 31, 2012); *See Ray v. Motel 6 Op. Ltd. P'ship*, No. 3-95-828, 1996 WL 938231, at *4-5 (D. Minn. Mar. 18, 1996) (finding that evidence of employees working the same position, within a similar management plan was insufficient); *see also Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009) ("The similarly situated analysis, then, centers upon the features which make the particular policy or practice unlawful.")

This Courts finally notes that a FLSA violation at one location of many locations does not by itself support authorization of notice company-wide. *Rueda v. Tecon Servs., Inc.*, No. H-10-4937, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011).

Plaintiffs ask this Court to send notice to "all individuals who worked as a server at any of Defendants' restaurants located in Texas" including restaurants outside of Pampa, Texas. ECF No. 26 at 19. As stated above, Brothers owns and operates The Plaza Restaurants in Pampa, Amarillo, and Borger. Brothers and Sons owns and operates The Plaza Restaurant in Lubbock. ECF No. 28 at 6.

The Court finds Plaintiffs are unable to meet the burden to show that severs at other locations are similarly situated because they lack evidence that each Plaza Restaurant operated within a universal policy.

Plaintiffs attempted to meet this burden by offering records of a Department of Labor investigation along with conclusory, generalized declarations from servers *solely* at the Pampa location. ECF No. 27 at 25. But Plaintiffs do not dispute that the Department of Labor's investigation took place in 2017, two years before Plaintiffs and potential opt-in plaintiffs worked for Defendants and before the statute of limitations for FLSA actions. Accordingly, the report is irrelevant to Plaintiffs' claims and this Court's decision to authorize notice.

Neither do Plaintiffs' submitted declarations satisfy the burden. For example, Plaintiff Lopez-Gonzales's declaration states: "I know from my employment and discussions about compensation and hours worked with other servers . . . that The Plaza's payment practices and policies are and were uniformly imposed on me . . . and all other individuals employed as servers." *Id.* at 1. She adds that her claims are prevalent and applicable "regardless of the location employed." *Id.* at 4.

In this District, courts have considered similar statements — that plaintiffs were aware of others who worked for the defendant and that those individuals informed the plaintiffs of violations at other locations — and found them insufficient. *See Orozco v. Anamia's Tex-Mex Inc.*, No. 3:15-CV-2800-L-BK, 2016 WL 1622880, at *4 (N.D. Tex. Feb. 10, 2016); *see also Clark v. City of Ft. Worth*, 800 F. Supp. 2d 776, 780 (N.D. Tex. 2011) (ruling that conversations with potential opt-in plaintiffs were insufficient); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) (finding affidavits insufficient to demonstrate declarants' personal knowledge of other employees); *Stiles v. FFE Transp. Servs., Inc.*, No. 3:09- CV-1536-B, 2010 WL 935469, at *3

Case 2:20-cv-00061-Z-BQ Document 33 Filed 07/28/21 Page 12 of 18 PageID 426


(N.D. Tex. Mar. 15, 2010) (finding plaintiff's declaration vague, conclusory and insufficient to evidence a single decision, policy, or plan applied to potential opt-in plaintiffs).

Plaintiffs are without sufficient evidence and personal knowledge of uniform pay practices at The Plaza Restaurants across the state. This is evidenced by Plaintiffs' failure to offer a single declaration or consent from a server from a location other than Pampa. Furthermore, Plaintiffs have not presented *any* evidence that they have even corresponded with employees at other locations. At most, the declarations ask the Court to presume that Plaintiffs' experiences as servers in Pampa are universal to all servers employed at all restaurants owned and operated by Defendants. This is a logical leap the Court will not make.

*3. Notice is limited to servers at The Plaza Restaurant in Pampa.*

Consequently, the Court finds that the proposed collective should be confined to servers at The Plaza Restaurant in Pampa, Texas, which is owned and operated by Jose Ramos and Martin Ramos as partners of Brothers. The declarations that Plaintiffs and other opted-in Plaintiffs submitted suggest that Defendants implemented policies that violated the FLSA at the Pampa location. Because Plaintiffs worked at the Pampa location, they have personal knowledge of the practices there. The Court therefore finds that the servers at the Pampa location are similarly situated with regard to the job requirements and pay policies that give rise to the allegations in this lawsuit. The Court will therefore authorize the sending of notice to these individuals.

### C. Proposed Notice Period

*1. This Court finds that Plaintiffs have adequately alleged Defendants acted willfully in violating the FLSA and therefore extends the statute of limitations to three years.*

The statute of limitations for a collective action is as follows: "if the cause of action accrues on or after May 14, 1947 — may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause

of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255.

Plaintiffs' proposed notice includes individuals who were employed as servers at The Plaza Restaurant "during the three-year period preceding the filing of this lawsuit. . ." and identifies this period as from June 29, 2017 to the present. ECF No. 26 at 19. Defendants contend that the Court must set the period of limitations to two years because Plaintiffs have failed to present evidence that Defendants violated FLSA regulations willfully. ECF No. 28 at 13.

Plaintiffs have the burden to demonstrate willfulness. *See Ikossi-Anastasiou v. Bd. of Supervisors of La. State. Univ.*, 579 F.3d 546, 552 (5th Cir. 2009); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990). "To show willfulness, a plaintiff must demonstrate that an employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Steele v. Leasing Enters.*, 826 F.3d 237, 248 (5th Cir. 2016) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988)). Negligence does not constitute willfulness and unreasonableness does not "necessarily constitute a willful violation." *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990).

In *Mahommadi v. Nwabuisi*, employers were found to have acted willfully when they "ignore[d] complaints brought to their attention" about their payment methods. *Mohammadi v. Nwabuisi*, 605 F. App'x 329, 332 (5th Cir. 2015). Here, although the Court did not consider the Department of Labor report when determining whether servers outside of Pampa, Texas were sufficiently similar, the report is relevant in determining Defendants' willfulness. Because Defendants were previously investigated by the Department of Labor, they had actual notice that their actions were in violation of the FLSA. Any alleged violations that arose after the investigation would thus be willful. *See Bush v. Kadirnet*, LLC, No. 1:18-CV-1024-RP, 2020 WL 824106, at

\*5 (W.D. Tex. Feb. 19, 2020) (finding willfulness to be a quintessential fact issue best situated for a fact finder). The Court therefore set the statute of limitation for Plaintiffs' claim to three years.

> 2. *The statute of limitations is measured from January 24, 2021, the date this court rendered Plaintiffs' original motion to certify moot and ordered both parties to submit a renewed motion and response.*

In their response brief, Defendants argue that the limitations period should be measured from the date this Court issued notice, and not the date Plaintiffs filed the complaint. Defendants cite several cases in support of this position. *See, e.g. Snively v. Peak Pressure Control, LLC*, No. MO:15-CV-00134, 2016 WL 5791265, at \*6-7 (W.D. Tex. Feb. 29, 2016*); Quintanilla v. A&R Demolition, Inc.*, No. H-041965, 2005 WL 2095104 at \*16 (S.D. Tex. Aug. 30, 2005); *Watson v. Travis Software Corp.*, No. H-07-4104, 2008 WL 5068806, at \*9 (S.D. Tex. Nov. 21, 2008).

But other courts, including many in this District, have sent notice "using periods tied to the date of commencement of suit rather than the date of the court-approved notice." *Nguyen v. Versacom, LLC*, Civil Action No. 3:13-CV-4689-D, 2015 WL 1400564, at \*10 (N.D. Tex. Mar. 27, 2015); *See, e.g., Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 768–69 (N.D. Tex. 2013); *Black v. Settlepou, P.C.*, No. 3:10-CV-1418-K, 2011 WL 609884, at \*5 (N.D. Tex. Feb. 14, 2011). This approach has been taken at least in part "because equitable tolling issues may arise." *Id.*

This Court decides to account for its own delay in delivering this motion and the equitable tolling issues that may thus arise. This Court therefore measures the limitations period from the date this court rendered Plaintiffs' original Motion to Certify moot and ordered both parties to submit a renewed motion and response. The period begins January 24, 2018, and ends January 24, 2021.

### D. Form of Notice

"Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "If courts refrain from facilitating notice to missing class members, the enforcement of . . . remedies for violations which victimize a group of people will be limited only to those victims who are already known to their 'champion,' (citing *Woods*, 686 F.2d at 581), or who are fortunate enough to hear and heed 'the vagaries of rumor and gossip,' (citing *Lusardi*, 99 F.R.D. at 93), or who are courageous enough to recognize the wrong done them and sue on their own." *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 403 (D.N.J. 1988). The court's purpose then is to ensure that notice is sent to only to potential opt-in plaintiffs and that determination must be made at the onset of the collective action.

After the court determines whether plaintiffs are sufficiently similarly situated, "federal judges have the power to authorize the sending of notice to potential FLSA class members to inform them of the action and to give them opportunity to participate by opting in by opting in." *See Tillis v. Glob. Fixture Servs.*, No. 4:19-CV-01059, 2020 WL 1443490, at *6 (S.D. Tex. Mar. 23, 2020) (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 169-70). "Notice is particularly important for FLSA collective actions as potential plaintiffs' statute of limitations continue to run unless and until a plaintiff 'gives his [or her] consent in writing to become a party and such consent is filed in the court in which such action is brought.'" *Id.*

Lastly, "it is well settled that courts have wide discretion in deciding the content of the notice and how notice is distributed." *Id.*; *See also Clarke v. Pei Wei Asian Diner, LLC*, Civil

Action No. 3:20-CV-00800-N, 2020 WL 7122861, at *1 (N.D. Tex. 2020) (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 165 (holding that the court can facilitate notice to potential plaintiffs)).

Plaintiffs request this Court to authorize notice in the following manner:

1. By having Defendants produce, within fourteen days of the granting of this Motion, an Excel (.xls) file containing the "names, all known addresses, all email addresses, all telephone numbers (home, mobile, etc.), and beginning and end dates of employment for all potential opt-in plaintiffs";

2. By allowing Plaintiffs' counsel to send Notice and Consent Forms by mail, email, and text message to all potential opt-in plaintiffs;

3. By allowing Plaintiffs' counsel to maintain a website that is limited to posting the Notice and Consent Forms and where opt-in plaintiffs can electronically sign the Forms;

4. By granting a 60-day opt-in period from the initial date of transmission of Notice and Consent Forms through mail, email, and text; and

5. By allowing, after the passage of 30 days, permission to send a reminder notice by mail and to resend the approved notice via email and text message to all potential opt-in plaintiffs whose initial notice is returned undeliverable.

ECF No. 26 at 18–23.

Defendants object to Plaintiff's proposed Notice and Consent Forms for several reasons:

1. Plaintiffs' request for discovery of prospective potential opt-in plaintiffs' confidential information is invasive;

2. Defendants need twenty business days to produce the requested information;

3. the Court should not permit Plaintiffs to send a reminder notice 30 days after sending an initial notice;

4. Plaintiff's proposed website may result in reputational harm to the Defendants;

5. the Court should order Plaintiff and Defendants to meet and confer on the Notice and Consent Forms and if the parties cannot reach an agreement, order the parties to submit separate Notice and Consent Forms to this Court.

6. Defendants contend that these requests are overbroad and violate federal law.

ECF No. 28 at 13–20.

The court's notice-giving role is "pivotal to advancing the goals and evading the dangers of collective actions. An employee cannot benefit from a collective action without 'accurate and timely notice.'" *Swales*, 985 F.3d at 435 (citing *Hoffmann-La Roche*, 493 U.S. at 170). *Hoffmann-La Roche* did not state that employees have the right to receive notice, but notice giving is within the discretion of the district court reviewing the case.

In *Swales*, the Fifth Circuit warned that the district court's role in the notice process cannot devolve into the solicitation of claims, and that the court must oversee the notice process agnostically. *Id.* The Court's decision today to approve all but two of Plaintiffs' requested methods of notice — along with its decision to limit the collective to servers at a single restaurant — is within this Court's discretion and does not reach the level of claim solicitation.

Because Defendants do not maintain a central electronic file containing the information requested by Plaintiffs, they ask for a total of twenty business days to collect and disclose the requested information. ECF No. 28 at 16–17. The Court **GRANTS** this request.

Defendants also move this Court to deny Plaintiffs' request to create and maintain a proposed website, where they plan to post the content of the approved Notice and Consent Form. *Id.* at 18. The Court agrees with Defendants. The public nature of the internet and the potential reputational harm to Defendants is akin to "claim solicitation." Moreover, Plaintiffs have not explained why the other forms of notice are inadequate.

CONCLUSION

For the reasons stated herein, it is hereby **ORDERED**:

(1) Plaintiffs' Renewed Motion for Collective Action Certification and Court-Authorized Notice is **GRANTED IN PART** in accordance with the Court's opinion above.

(2) Defendants' Motion to Strike is **DENIED.**

(3) Brothers and Son is **DROPPED** from this case.

(4) Notice is authorized to be sent to:

> **All individuals who worked as a server at The Plaza Restaurant in Pampa, Texas during the three-year period, from January 24, 2018 to January 24, 2021, and who were paid a direct cash wage of less than $7.25 per hour.**

(5) By August 16, 2021, Defendants shall provide Plaintiffs' counsel with the names, last known home addresses, email addresses (both personal and work, where available), phone numbers, and date(s) of employment of potential opt-in plaintiffs who are part of the Court's defined collective.

(6) By August 16, 2021, Plaintiffs shall meet and confer with Defendants as to amending the contents and methods of delivery for the proposed Notice.

(7) By August 23, 2021, the parties shall file a Motion to Approve Notice, Opt-in Consent Form, and Delivery Methods for the Magistrate Judge's consideration. In the event the parties cannot agree on drafts and delivery methods, they shall submit a single Notice and/or Opt-in Consent Form, indicating the language and delivery method(s) to which they agree, the language and delivery method(s) upon which they cannot agree, and the content and delivery method(s) each side proposes.

(8) Once the Magistrate Judge approves the Notice and Opt-in Consent Form, Plaintiffs are authorized to issue notice to all potential opt-in plaintiffs in accordance with court-authorized delivery methods.

(9) Plaintiffs shall not maintain a website to post Notice and Consent forms.

**SO ORDERED.**

July 28, 2021

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE